# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-532V
Filed: September 22, 2015
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| KARL STEGER, | \* | |
| | \* | |
| Petitioner, | \* | Petitioner's motion for a ruling |
| | \* | on the record granted; no expert |
| v. | \* | report to prove vaccinations |
| | \* | caused aplastic anemia four and |
| SECRETARY OF HEALTH | \* | one-half months later |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Danielle A. Strait</u>, Washington, DC, for petitioner.
<u>Douglas Ross</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On May 26, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that measles-mumps-rubella ("MMR"), Twinrix (hepatitis A and B), and chickenpox ("Varicella") vaccines[2] administered on July 5, 2012 caused him aplastic anemia whose onset was four and one-half months later.

The undersigned, having reviewed the medical records, finds they do not support petitioner's allegations. The undersigned cannot rule in petitioner's favor based solely on his

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

[2] In addition, on July 5, 2012, petitioner received vaccines against Japanese encephalitis and rabies. These vaccines are not included in the Vaccine Injury Table and, therefore, any damage attributable to them is not compensable under the Vaccine Act. Moreover, on July 30, 2012, petitioner received another rabies vaccination.

allegations unsupported by medical records or medical opinion. 42 U.S.C. § 300aa-11(a)(1). Petitioner has not filed a medical expert opinion in support of his allegations.

On September 21, 2015, petitioner filed a Motion for a Decision on the Record, stating he will not proffer the opinion of a medical expert and will not pursue a hearing with expert witness testimony. Pet'r's Mot. at 2.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case.

**FACTS**

Petitioner was born on July 24, 1968.

In preparation for a business trip to India, he took multiple vaccinations. On May 28, 2012, petitioner received the influenza, meningococcal ("Menactra"), inactivated polio ("IPV"), tetanus-diphtheria-acellular pertussis ("TdaP"), Twinrix, typhoid, and PPV23 vaccines.[3] Med. recs. Ex. 1, at 1. On June 7, 2012, petitioner received the Japanese encephalitis vaccine, MMR, and Varivax. Id. at 2. On July 5, 2012, petitioner received the Japanese encephalitis vaccine, MMR, the rabies vaccine, Twinrix, and Varicella. Id. at 3. On July 20, 2012, petitioner received the rabies vaccine. Id. at 4.

On December 1, 2012, petitioner saw RN Kimberly Brancato at Lee Memorial System Emergency Department. Med. recs. Ex. 2, at 15. He complained of shortness of breath for one week. Id. He had decreased activity tolerance. Id. Petitioner said he had been in India three weeks previously (which would be early November 2012) and began having problems at that time. Id. He had pain in his joints and chest, weakness, and breathing difficulties. Id. He was pale and lightly jaundiced. Id. He said he had a change in vision with blind spots. Id.

Also on December 1, 2012, petitioner saw Dr. Roger A. Howell. Id. at 15. Petitioner complained of not feeling well for the last several days, with shortness of breath, chest pain, generalized arthralgias and myalgias, and associated nausea. Id. He recently returned from India a few weeks ago. Id. He had been in India for about 10 days, but was not exposed to infectious diseases. Id. Dr. Howell diagnosed petitioner with critical pancytopenia consistent with aplastic anemia. Id. at 16.

On December 3, 2012, petitioner saw Dr. Esther E. Morrison in consultation. Id. at 27. Petitioner had a history of chronic neck pain and occipital headache, and had been taking nine aspirins daily for the past 10 years. Id. He went to India for 10 days and returned on November 9, 2012. Id. The onset of his illness was about one week later (or November 16, 2012). Id. Petitioner took Malarone for malaria prophylaxis, the rabies vaccine in July, the Japanese encephalitis vaccine in June and July, the hepatitis A and B vaccine with rubella vaccine in July, the varicella vaccine, TdaP, and the pneumococcal vaccine. Id. at 28. He had optic neuritis. Id. Dr. Morrison stated, "I suspect the etiology of the pancytopenia is also causing the optic

---

[3] Typhoid vaccine and PPV23 (pneumococcal polysaccharide) vaccine are not included in the Vaccine Injury Table.

neuritis." Id.

On December 7, 2012, petitioner saw Dr. Andres Laufer. Id. at 17. Petitioner told Dr. Laufer he had no problems during his travel in India. Id.

On December 7, 2012, petitioner was at Barnes Jewish Hospital. Med. recs. Ex. 4, at 284. The history he gave was that he was in his normal state of health when he began taking Malarone on October 30, 2012 in preparation for a trip to India from November 1-3, 2012. Id. He had multiple immunizations prior to the trip as well. Id. There was some mosquito exposure in India. Id. Upon return to the United States, petitioner began having mild headaches, blurring/spotty vision, joint pain, chills, nose bleed caused by blowing his nose, chest pain, and dyspnea. Id. His symptoms worsened and he went to the emergency room on November 30, 2012. Id. He discontinued Malarone on November 16, 2012. Id.

On December 28, 2012, petitioner saw Dr. Peter Westervelt, an internist concerned with bone marrow transplant. Med. recs. Ex. 13, at 156. In the family history, Dr. Westervelt notes that petitioner's aunt also had aplastic anemia felt to be related to a nonsteroidal anti-inflammatory drug. Id. at 157.

## DISCUSSION

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury.'" Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for his July 5, 2012 vaccinations, he would not have had aplastic anemia, but also that his July 5, 2012 vaccinations were a substantial factor in causing his aplastic anemia. Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999).

3

      The Vaccine Act does not permit the undersigned to rule for petitioner based on his claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). In the instant action, none of petitioner's medical records substantiate petitioner's allegation that vaccines administered July 5, 2012 caused his aplastic anemia whose onset was four and one-half months later. Moreover, petitioner has not filed an expert medical opinion substantiating his allegation.

      The undersigned **GRANTS** petitioner's Motion for a Ruling on the Record and **DISMISSES** this case for petitioner's failure to prove by a preponderance of the evidence the matters required in the petition. 42 U.S.C. § 300aa-13(a)(1).

## CONCLUSION

      This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

Dated: September 22, 2015                     /s/ Laura D. Millman
                                                                                                   Laura D. Millman
                                                                                                    Special Master

---

[4] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.